UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**WILLIAM JAMES HANLEY,**

    **Plaintiff,**

v.                                                     **Case No. 8:22-cv-2046-AAS**

**MARTIN O'MALLEY,**
**Commissioner of the Social**
**Security Administration,**[1]

    **Defendant.**
_____/

## **ORDER**

Plaintiff William Hanley's counsel moves for an award of **$35,935.93** in attorney's fees under 42 U.S.C. § 406(b). (Doc. 24). The Commissioner does not oppose Mr. Hanley's counsel's request.[2] (*Id.* at p. 3).

Mr. Hanley applied for disability insurance benefits on January 7, 2020 which was denied initially and on reconsideration. (Tr. 17). Mr. Hanley then requested a hearing before an Administrative Law Judge (ALJ), who found Mr. Hanley not disabled. (Tr. 17–27). The Appeals Council denied Mr. Hanley's request for review of the ALJ's decision. (Tr. 1). Mr. Hanley then

---

[1] On December 20, 2023, Martin O'Malley became the Commissioner of the Social Security Administration.

[2] When the Commissioner does not object to the amount of attorney's fees requested under 406(b), the court should award the requested fees. *See Terry v. Astrue*, 753 F. Supp. 2d 1229 (M.D. Fla. 2010) (awarding attorney's fees under Section 406(b) when the Commissioner failed to argue the requested fees were unreasonable).

1

filed a complaint in this court. (Doc. 1). The Commissioner then filed an unopposed motion to remand in this court, which the court granted. (Docs. 19, 20). The Commissioner found Mr. Hanley disabled on remand. (Doc. 24-1, p. 1).

Under Section 406(b), when a court enters judgment favorable to a Social Security claimant represented by counsel, the court may award attorney's fees not to exceed twenty-five percent of the claimant's total past-due benefits. 42 U.S.C. § 406(b)(1)(A). Based on the fee agreement that Mr. Hanley agreed his counsel could request twenty-five percent of past-due benefits for attorney's fees, an award of attorney's fees of $35,935.93 is appropriate. (*See* Doc. 17-2).

The court awarded Mr. Hanley's counsel a total of $8,151.41 in attorney's fees under the Equal Access to Justice Act (EAJA). (Doc. 23). When an attorney receives attorney's fees under the EAJA and Section 406(b), the attorney must refund the smaller fee. *Black v. Culbertson*, 470 F. App'x 737, 739 (11th Cir. 2012). Mr. Hanley's counsel must refund any attorney's fees awarded under the EAJA.

Thus, the Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. 17) is **GRANTED.** Mr. Hanley's counsel is awarded **$35,935.93** in attorney's fees and must refund to Mr. Hanley any attorney's fees received under the EAJA.

**ENTERED** in Tampa, Florida on April 10, 2024.

2

*[signature]*

AMANDA ARNOLD SANSONE
United States Magistrate Judge